IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
MAR 19 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ROBERT E. BROWN, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-02-PT-0031-E |
| ) | |
| MAG MUTUAL INSURANCE ) | |
| COMPANY, a corporation; DEWITT ) | |
| WHITAKER, an individual; and MARK ) | |
| RICH, an individual, ) | |
| ) | |
| Defendants. ) | |

ENTERED
MAR 19 2002

**MEMORANDUM OPINION**

This cause comes to be heard on plaintiff Robert E. Brown's Motion to Remand and for Leave to Amend Complaint filed on February 1, 2002.[1]

**FACTS AND PROCEDURAL HISTORY**

On October 25, 2001, plaintiff Robert E. Brown, Jr. ("Brown") filed a civil action against defendants MAG Mutual Insurance ("MMI"), DeWitt Whitaker ("Whitaker"), and Mark Rich ("Rich") in the Circuit Court of Talladega County, Alabama. In Count I, Brown alleged that MMI breached his employment contract. In Count II, Brown alleged that MMI and Whitaker made fraudulent representations concerning the terms of his employment with MMI.

On December 6, 2001, MMI and Whitaker were served a copy of the Complaint. On January 4, 2002, MMI and Whitaker filed a Notice of Removal removing the action to this

---

[1] Plaintiff Robert E. Brown also filed a Motion to Strike paragraph 2 of the Declaration of Dewitt Whitaker on February 1, 2002. The motion was based on the on the argument that the person identified in the declaration, "Richard Brown", was not the plaintiff Robert E. Brown. Defendants responded to the motion by stating that the reference to "Richard Brown" was an error and that the correct name to be substituted in the declaration is "Robert E. Brown, Jr." Based on this explanation, plaintiff's Motion to Strike is denied.

court.² On February 16, 2002, Brown served defendant Rich with a copy of the Complaint. Rich consented to the removal of this action in Defendants['] Response to Plaintiff's Motion to Remand and for Leave to Amend Complaint filed on February 20, 2002.

## ARGUMENTS

Brown makes five arguments in support of his motion. First, he argues that this court lacks subject-matter jurisdiction because the parties are not diverse. According to Brown, he and defendant Rich are citizens of the State of Alabama. Brown notes that diversity of citizenship is determined as of the date the action is commenced. *See Freeport-McMoran, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991). Brown contends that Rich became a citizen of Alabama on or about December 23, 1999 and that the Complaint was filed on October 25, 2001. Thus, he claims that there was no diversity of citizenship when the civil action was commenced.

Second, Brown argues that this court lacks subject-matter jurisdiction because it is questionable whether the amount in controversy in this action exceeds $75,000.00. According to Brown, where a plaintiff claims less than the requisite jurisdictional amount in the complaint, the defendants must prove to a "legal certainty" that the plaintiff's claims would not yield a recovery less than the jurisdictional amount. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Brown claims that the defendants cannot meet this standard because Whitaker's Declaration would have him recovering only $75,593 – $42,500 in base salary; $20,000 in incentive compensation; $11,093 in fringe benefits; and a $2,000 training bonus. Brown asserts that the $20,000.00 in incentive compensation is purely speculative because it would require that he would have sold medical malpractice insurance to 100 physicians that year. Since this is

---

² According to MMI and Whitaker, this action was properly removed pursuant to 28 U.S.C. §§ 1332, 1446.

2

speculative, Brown claims that the defendants have not satisfied the "legal certainty" standard.

Third, Brown argues that the presence of a local defendant (Rich) defeats removal. Relying on 28 U.S.C. § 1441(b), Brown claims that even when there is complete diversity, the civil action cannot be removed if any defendant is a citizen of the state where the state court action is filed.

Fourth, Brown contends that removal was not proper because Rich was not fraudulently joined to defeat diversity jurisdiction. According to Brown, joinder has been deemed fraudulent in two situations: 1) when there is no possibility that the plaintiff can prove a cause of action against the resident defendant; and 2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Brown contends that joinder was not fraudulent because he asserted facts in the Complaint that state a cause of action against Rich. Furthermore, he claims that it is plain from the face of the Complaint that there has been no outright fraud in his pleading of the jurisdictional facts.

Brown further requests leave to amend his Complaint to add a claim of intentional interference with business relationships in that MMI, acting through its agent Rich, willfully, knowingly, intentionally, and recklessly interfered with his contractual relationship with the North Alabama Physicians Association. According to Brown, Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend a party's pleading] shall be freely given when justice requires." Brown states that there has been no evidence of undue delay, bad faith, or dilatory motive on his part. He also claims that the defendants will not be prejudiced by this amendment because they have been put on notice of his claims and discovery has not commenced.

Finally, Brown argues that this action should be remanded because the defendants' Notice of Removal fails to meet the procedural requirements set forth in 28 U.S.C. § 1446. Brown claims that the defendants have failed to affirmatively consent in writing to the removal. He states that the record fails to show any timely filed written indication from each served defendant that it has actually consented to removal. Since the defendants have failed to comply with the procedural requirements of the statute, Brown contends, this action is due to be remanded.

In response, the defendants argue that remand is inappropriate because the parties are diverse since Brown fraudulently joined Rich. Defendants state that joinder is deemed fraudulent "when there is no possibility that the plaintiff can prove a cause of action against the [non-diverse] defendant." Defendants argue that Rich was fraudulently joined because the only reference to Rich in the Complaint is a factual assertion that Rich had previously been "sent from Atlanta . . . in order to get the [North Alabama Physicians Association (NAPA)] to endorse" MAG Mutual, and that Brown "told Rich he could keep the NAPA account . . . because [Plaintiff] had the entire state as Account Executive." Defendants note that Rich is not named in either Count of the Complaint. Furthermore, they claim that Brown never alleged that Rich engaged in any wrongful or harmful conduct.[3] Finally, defendants contend that Brown cannot attempt to defeat removal by relying on proposed amendments to the Complaint. According to the defendants, Brown may rely only on the allegations originally made in his state court Complaint. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) ("removal . . . determined according to plaintiff's pleading at the time of the petition for removal"); *Cavallini v. State Farm*

---

[3] According to the defendants, Rich had no involvement in the decision to hire or separate Brown and had no supervisory authority over Brown. *See* Rich Declaration, Exhibit B to Notice of Removal.

4

*Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) ("[A] complaint amended post-removal cannot divest a federal court of jurisdiction.").

The defendants also argue that removal was proper because the amount in controversy exceeds $75,000.00. Defendants contend that Brown incorrectly described their burden in proving that the amount in controversy exceeds the jurisdictional amount. According to the defendants, the "legal certainty" standard announced in *Burns* is only applicable when the plaintiff specifically claims less than the jurisdictional amount. In contrast to *Burns*, defendants assert that this case concerns an unspecified claim for damages. Thus, the defendants must only satisfy a "lower burden of proof" and "prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996). Defendants claim that under the "preponderance of evidence standard" in *Tapscott*, Whitaker's Declaration certainly shows that the amount in controversy "more likely than not" exceeds $75,000.00. They state that Whitaker's Declaration only shows what Brown's earnings would have been in the first year with MMI, $75,593.00. Defendants point out that Brown was separated from MMI in 1999 and his Complaint seeks "just and appropriate" damages. Consequently, they claim that backpay of Brown's base salary alone would satisfy the jurisdictional amount. Furthermore, defendants note that the court may consider Brown's "probable future earnings and retirement and other benefits" he would enjoy if reinstated. *See White v. Bloomburg*, 345 F. Supp. 133, 141(D. Md. 1972), *aff'd*, 510 F.2d 1379 (4th Cir. 1974).

Defendants also claim that Brown's argument that they have "failed to meet procedural requirements" for removing the case to federal court is without merit. Defendants note that only MMI and Whitaker had been served when they filed the Notice of Removal. They note that their

chosen counsel signed the Notice on behalf of the MMI and Whitaker. They claim that there was no requirement for defendant Rich to join in the removal at that time because he had not been served with the Complaint. Furthermore, they note that once defendant Rich was served with a copy of the Complaint, he consented to the removal of the action.

Finally, defendants argue that Brown should not be permitted to amend his complaint. Although "leave to amend shall be freely given when justice so requires," defendants contend that this court has discretion to deny leave to amend when there is a "substantial reason" to justify denial, such as evidence of undue delay, bad faith or dilatory motive on the part of the movant. *See Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984). Defendants claim that Brown's only reason to amend his Complaint is to bolster his Motion to Remand. Since Brown has only sought to amend the Complaint when faced with the possibility of litigating the case in federal court, defendants claim that the amendment has been made in "bad faith" and should not be permitted.

In reply, Brown argues that the defendants have not shown that there has been "substantial reason" to justify the denial of his motion to amend the Complaint, i.e., undue delay, bad faith, or dilatory motive. Brown asserts that Rich's actions are addressed in his Complaint and that he diligently attempted to serve Rich with the Complaint.

Additionally, Brown notes that the court's Notice and Order to all Attorneys and Parties entered on January 11, 2002, specifically states that "[p]laintiff(s) will file any amendments as to claims or parties within 45 days of this order." Brown states that he filed his Motion for Leave to Amend Complaint on February 1, 2002, which was twenty-four days prior to the court's deadline.

Finally, Brown contends that Rule 15(c) of the Federal Rules of Civil Procedure allows a

6

party leave to amend its pleadings. Brown argues that Rule 15(c) governs the relation back of amendments to the pleadings and provides, in pertinent part: "(c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when . . . (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Brown claims hat he set forth in his Complaint a cause of action against Rich. Thus, he requests leave to amend his Complaint to more clearly plead his cause of action against Rich.

## ANALYSIS

Federal courts are courts of limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Therefore, federal courts only have power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed from state to federal court only if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the removing party with all doubts resolved in favor of remand. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A state court action may be removed to federal court based upon diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a), (b). However, diversity will not support removal jurisdiction if any properly joined defendants are citizens of the state in which the suit was originally filed. *See id.*

## CONCLUSIONS OF THE COURT

The court concludes that there have been no procedural defects attendant to the removal of this action. The court further concludes that it is reasonably certain and more likely so than not so that the damages claimed and recovered at trial would exceed $75,000.00, if there is a recovery.

With regard to the alleged claim against Rich, the court notes that the only specific allegations involving Rich are:

> As a new Account Executive for Alabama, **MR. BROWN** was assigned to the North Alabama Physicians Association's ("NAPA") account. Approximately one year prior to **MR. BROWN** obtaining the position of Account Executive, NAPA had given **MMIC** an endorsement. NAPA knew nothing about **MR. BROWN** as he was the new Account Executive, but it was allegedly communicated to **MMIC** that NAPA did not like **MR. BROWN**. MMIC sent March Rich ("**RICH**") from Atlanta, Georgia in order to get the association to endorse **MMIC**. **MR. BROWN** told **RICH** he could keep the NAPA account and work it because he, **MR. BROWN**, had the entire state as Account Executive.

There is no allegation that Rich had a contract with plaintiff. The allegations are to the contrary. Thus, there is no claim against Rich under Count I. There is no hint that Rich misrepresented anything to plaintiff or that he did anything other than to attempt to get NAPA "to endorse MMIC." There is no fraud claim against Rich under Count II. The motion for leave to amend to add Rich will be denied.

This 18th day of March 2002.

_____
ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**